**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES PLAS SAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>　　　　　Defendants. | Case No. EDCV 17-1848 SVW (SS)<br><br><br>**ORDER DISMISSING FIRST AMENDED**<br><br>**COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On April 30, 2018, James Plas Sams ("Plaintiff"), a state prisoner proceeding pro se, filed a First Amended Complaint, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ("FAC," Dkt. No. 17). The Court has screened the FAC as prescribed by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e. For the

reasons discussed below, the Court DISMISSES Plaintiff's First Amended Complaint with leave to amend.[1]

## II.

### PLAINTIFF'S ALLEGATIONS

Plaintiff sues: (1) the County of Riverside; (2) the City of Jurupa Valley; (3) the Riverside County Sheriff's Department ("RCSD"); (4) RCSD Sheriff Stanley Sniff; RCSD Deputies (5) Aaron Avila, (6) Bridgette Recksiek, (7) Lycopolous, and (8) Melendez; Child Protective Services ("CPS") social workers (9) Heather Polak and (10) Alison M. Amaro; and attorneys (11) Anastasia Georggin, (12) Dawn Shipley, (13) Theresa Devries, (14) Stacy McCoy, and (15) Melissa A. Chaitin. (FAC at 2-7).

Plaintiff's claims arise from his arrest and criminal proceedings on domestic violence charges, as well as juvenile dependency proceedings that resulted in his daughter's temporary removal from her parents' care after his arrest. The First Amended Complaint asserts nine claims for violations of his constitutional rights, along with eight other claims for violations of state law or common law. (See id. at 8-21). Plaintiff seeks unspecified compensatory damages, punitive damages and civil penalties. (Id.

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

at 22).  The allegations and corresponding federal claims are set out below.

The circumstances at issue in the case began when Plaintiff's wife accused him of assaulting her and cutting her shin with a pocket knife.  (See id. at 10).  On April 11, 2016, Deputies Recksiek and Avila "blocked Plaintiff's car with their patrol vehicle" and detained and questioned Plaintiff "for an extended period of time," despite having no "reasonable suspicion or lawful privilege."  (Id. at 8).  **Claim 1** asserts that this was an unreasonable seizure in violation of the Fourth Amendment.  (Id.).

The next day, April 12, 2016, Recksieck and Avila returned and told Plaintiff that they were not sure that they believed what he had told them the day before.  (Id. at 9).  Again they had no "reasonable suspicion or lawful privilege," but only an "inarticulate hunch and generalized suspicions."  (Id.).  **Claim 2** asserts that this incident, too, was an unreasonable seizure in violation of the Fourth Amendment.  (Id.).

Recksiek and Avila then instructed Lycopolous and Melendez to arrest Plaintiff and take him to the RCSD Jurupa Valley Station.  (Id. at 9).  The deputies left Plaintiff in a cell with his arms handcuffed behind his back for seven hours with no food, water, bathroom breaks, medical attention or access to his medications for diabetes, hyperthyroid or hypertension.  (Id.).  Plaintiff was in "an extreme amount of pain and hunger."  (Id.).  Recksiek, Avila, Lycopolous and Melendez all observed Plaintiff during this

time and did nothing to stop the mistreatment; they "had an agreement and meeting of the minds to subject Plaintiff to excessive force and cruel treatment." (Id. at 10).

**Claims 3 and 9** are based on this incident. **Claim 3** asserts that the deputies violated the Fourth Amendment by unreasonably seizing him and applying excessive force. (Id. at 9-10). **Claim 9** alleges that RCSD, Sheriff Sniff and the County of Riverside are also liable for the Fourth Amendment and excessive force violations due to their "policy of leaving pre-trial detainees cuffed and shackled in cells from 4:00 a.m. to 7:00 p.m. when going out to court from all jails." (Id. at 16). Plaintiff states that "this policy amounts to deliberate indifference to his constitutional rights." (Id.).

Plaintiff alleges that Recksiek and Avila falsified witness statements in the police report. (See id. at 11-12). For example, Avila spoke to a witness who told him that Plaintiff was the victim of his wife's physical abuse and that his wife had "[a]lmost killed" him in the past. (Id. at 11). Recksiek and Avila's report stated, however, that the witness told them she "had never talked to V-1 [presumably, Plaintiff's wife] about the abuse." (Id.). The report also falsely stated that Plaintiff told the deputies he liked knives, and it omitted any reference to Plaintiff's need for self-defense in the altercation with his wife. (Id.). Moreover, based on their interview with Plaintiff's wife, the deputies knew that he was "innocent and could not have stabbed his wife" from where he was sitting at the time, but they falsely stated in the

4

report that Plaintiff was sitting next to his wife at the time of the attack. (Id. at 11-12). The deputies "used abusive techniques they knew would yield false information that Plaintiff was next to his wife when she was allegedly cut." (Id. at 12). The deputies made the same falsifications in their testimony at Plaintiff's preliminary hearing. (See id. at 13).

Based on the falsified police report, **Claim 4** asserts that Recksiek, Avila and the County of Riverside are liable for violating Plaintiff's Fourth Amendment right to be free from unreasonable seizure and the "failure to investigate exculpatory evidence and fabrication of evidence." (Id. at 10 (citing Sialoi v. City of San Diego, 823 F.3d 1223, 1232 (9th Cir. 2016); Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001) (en banc))). Plaintiff claims that the County of Riverside is liable because it "failed to train/supervise deputies by providing adequate programs addressing fabrication of evidence." (Id. at 12). He asserts that given that fabrications at issue and "a pattern of similar violations," "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent to the need." (Id.). In addition, based on the deputies' false preliminary hearing testimony, **Claim 5** asserts that Recksiek and Avila violated Plaintiff's Fourth Amendment "right to be free from continued detention based on material misrepresentations to establish probable cause at the preliminary hearing." (Id. at 13).

Plaintiff alleges that after his arrest, the deputies sent their "fabricated report" to CPS, and CPS social workers Amaro and Polak filed a juvenile dependency petition filed on May 5, 2016. (Id. at 14). The petition falsely stated that Plaintiff was incarcerated and unable to provide care or support for his daughter, despite that Plaintiff had arranged for his daughter to remain with her mother. (Id.). **Claim 6** asserts that Amaro and Polak thus violated Plaintiff's Fourteenth Amendment right to due process and his right "to be free from judicial deception." (Id. at 13 (citing Beltran v. Santa Clara Cty., 514 F.3d 906, 908 (9th Cir. 2008) (en banc); Greene v. Camreta, 588 F.3d 1011, 1034 (9th Cir. 2009))).

A juvenile dependency proceeding took place the next day, May 6, 2016. (Id. at 14). Plaintiff claims he "was denied notice and an opportunity to be heard" because he did not receive the petition or charges prior to the hearing. (Id. at 15). Plaintiff states that the attorneys in the proceedings – Georggin, DeVries and McCoy – "conspired with [social workers] Polak and Amaro to allow the judicial deception and the proceeding to continue without Plaintiff being informed of his rights or the allegations." (Id.). A conspiracy is "the only reasonable inference" here, in Plaintiff's view, given the unlikelihood that the four lawyers who regularly do these types of juvenile dependency proceedings would not know the requirements of due process. (Id.). Plaintiff also alleges that despite Plaintiff's multiple requests to appeal the ruling, Georggin "refused" to do so. (Id.). Moreover, Plaintiff claims that Chaitin, his appointed counsel on appeal to challenge the

dependency ruling, "had a meeting of the minds with Polak, Amara, Geoggin, Shipley, Devries, and McCoy to continue to violate his constitutional rights" because she indicated that she had spoken with trial counsel and subsequently filed a brief stating that she should find no arguable issues for appeal. (Id.). Based on Defendants' conduct regarding the juvenile dependency proceeding, Plaintiff asserts that Georggin, Shipley, Devries, McCoy, Polak, Amaro and Chaitin violated Plaintiff's Fourteenth Amendment right to due process (**Claim 7**) and his right "to be free from loss of familial relationship" (**Claim 8**). (Id. at 14, 16).

**III.**

**STANDARD OF REVIEW**

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a complaint, or any portion thereof, if the court concludes that the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)-(2); see also id. § 1915(e)(2) ("[The court] shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); accord Lopez v. Smith, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000) (en banc).

Dismissal for failure to state a claim is appropriate if a complaint fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013). A plaintiff must provide "more than labels and conclusions" or a "formulaic recitation of the elements" of his claim. Twombly, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the [complaint] need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citation and alterations omitted).

In considering whether to dismiss a complaint, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). Moreover, pro se pleadings are "to be liberally construed" and "held to less stringent standards" than those drafted by a lawyer. Erickson, 551 U.S. at 94 (citation omitted); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("Iqbal incorporated the Twombly pleading standard and Twombly did not alter courts' treatment of pro se filings; accordingly, we continue to construe pro se filings liberally when evaluating them under Iqbal.").

8

Nevertheless, dismissal for failure to state a claim can be warranted based on either the lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**IV.**

**DISCUSSION**

Plaintiff's First Amended Complaint contains deficiencies warranting dismissal, although leave to amend should be granted.[2] See 28 U.S.C. 1915A(b)(1).

**A.    The FAC Violates Rule 8**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation

---

[2] This Order does not address the merits of Plaintiff's non-federal claims. Under 28 U.S.C. § 1367(a), if a district court has original jurisdiction over one or more claims, the court also has supplemental jurisdiction over all state law claims that arise out of the same transaction or occurrence. 28 U.S.C. § 1367(a). However, if all federal claims have been dismissed, the district court no longer has supplemental jurisdiction over the state law claims. Id. Here, the Court dismisses all of Plaintiff's federal claims with leave to amend. As a result, the court no longer has jurisdiction over Plaintiff's non-federal claims. They are dismissed without prejudice.

must be simple, concise, and direct." Fed. R. Civ. Proc. 8(d)(1).

Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678, 686. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted). Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). A complaint is also subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

The FAC violates Rule 8 because its claims lack clarity and precision, and many of the claims fail to provide sufficient factual allegations. Without more precision and specificity, Defendants cannot respond to the claims. See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint). Moreover, partly due to the lack of specificity, some of the claims appear to be duplicative. For example, Claim 2, 3 and 4 all allege violations of Plaintiff's right against unreasonable seizures apparently regarding incidents on April 12, 2016, and it is unclear whether the claims concern distinct conduct from one another. (See FAC at 9-11). To comply with Rule 8, Plaintiff must make it clear what

10

circumstances and legal theory are at issue in each and every claim. Because the FAC fails to do so, it must be dismissed with leave to amend.

**B.     The FAC Fails To State Federal Claims Against The Individual Defendants**

The federal claims in the FAC allege violations of Plaintiff's constitutional rights by RCSD Deputies Avila, Recksiek, Lycopolous and (8) Melendez; CPS social workers Polak and Amaro; and attorneys Georggin, Shipley, Devries, McCoy and Chaitin. The claims against these Defendants are deficient for the reasons discussed below.

**1.     Claims 1 and 2**

In Claims 1 and 2, Plaintiff alleges that Deputies Recksiek and Avila violated his Fourth Amendment right against unreasonable seizure by detaining him outside his home on April 11 and 12, 2016. (See FAC at 8-9). However, determining whether "a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (citation omitted). To state a Fourth Amendment unreasonable seizure claim, therefore, a plaintiff must allege sufficient non-conclusory facts showing that the invasion of privacy interests was unreasonable. Here, Plaintiff states in conclusory fashion that the officers detained him "without

reasonable suspicion or lawful privilege for an extended period of time." (FAC at 8, 9). Because Plaintiff does not provide sufficient facts to show how the seizures were unreasonable, Claims 1 and 2 are dismissed with leave to amend.

### 2. Claim 3

In Claim 3, Plaintiff asserts that Deputies Recksiek, Avila, Lycopolous and Melendez violated his Fourth Amendment rights against excessive force and unreasonable seizures when they kept Plaintiff handcuffed in a jail cell for "nearly seven hours" on April 12, 2016. (See FAC at 9-10). As with unreasonable seizures, excessive force claims are analyzed under the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386, 388 (1989); Smith v. City of Hemet, 394 F.3d 689, 700 (9th Cir. 2005). Reasonable force is the force necessary to secure officers' safety during a search or arrest. Graham, 490 U.S. at 395. Although Plaintiff's allegations in Claim 3 are more specific than in Claims 1 and 2, the claim still fails to provide adequate information about the circumstances of the incident to demonstrate that the force or prolonged seizure was unreasonable. For example, Plaintiff alleges that the officers did not provide him with "medical attention or his medications for diabetes, hyperthyroid or hypertension," but he does not indicate the nature of these conditions or to what extent the officers knew that he required medical attention to address them at the time. (See FAC 9-10). Claim 3 is thus dismissed with leave to amend.

### 3.   **Claim 4**

Claim 4 alleges that Recksiek and Avila falsified witness statements in their police report and thus violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure and constituted a "failure to investigate exculpatory evidence and fabrication of evidence."  (FAC at 10).  To the extent that the claim asserts that Plaintiff's arrest or pre-arrest detention violated the Fourth Amendment, it appears to be duplicative of Claims 1, 2 or 3, and is therefore subject to dismissal.[3] See M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims.").

In addition, the claim may be barred by Heck v. Humphrey, 512 U.S. 477 (1994), which held that a court must dismiss a civil rights complaint for money damages if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence.  Several courts have explicitly found that prisoner civil rights claims alleging the fabrication of evidence or Brady violations are barred by Heck until the prisoner's conviction has been overturned.  See, e.g., Cooper v. Ramos, 704 F.3d 772, 785

---

[3] Moreover, to the extent that the claim is based on Plaintiff's post-arrest incarceration, the Fourteenth Amendment applies, not the Fourth Amendment.  See Rivera v. Cty. of Los Angeles, 745 F.3d 384, 389-90 (9th Cir. 2014) ("[P]ost-arrest incarceration is analyzed under the Fourteenth Amendment alone." (citing Baker v. McCollan, 443 U.S. 137, 145 (1979); Lee v. City of Los Angeles, 250 F.3d 668, 683-85 (9th Cir. 2001))).

(9th Cir. 2012) ("Successfully litigating [plaintiff's] claims of an evidence tampering conspiracy would necessarily implicate the validity of his state criminal conviction.  These claims are not cognizable unless [plaintiff's] conviction is vacated, overturned, or invalidated." (citing Heck, 512 U.S. at 486-87)).  Because Plaintiff's allegations leave it unclear whether successively litigating the claim would undermine the validity of Plaintiff's conviction, the claim is dismissed with leave to amend.

### 4.   Claim 5

Claim 5 asserts that Recksiek and Avila violated Plaintiff's Fourth Amendment "right to be free from continued detention based on material misrepresentations to establish probable cause at the preliminary hearing." (Id. at 13).  However, witnesses, including police officers, are absolutely immune from liability for their testimony even if they commit perjury.  Franklin v. Terr, 201 F.3d 1098, 1099, 1101-02 (9th Cir. 2000); see also Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983); Rehberg v. Paulk, 566 U.S. 356, 375 (2012); Lisker v. City of Los Angeles, 780 F.3d 1237, 1241 (9th Cir. 2015).  Absolute witness immunity also extends to preparatory activities "inextricably tied" to testimony, such as conspiracies to testify falsely.  Lisker, 780 F.3d at 1241 (citations omitted). On the other hand, absolute immunity is not a shield against claims arising out of pre-testimony conduct, such as the filing of a false police report or fabrication of evidence.  See Rehberg, 566 U.S. at 370 n.1; Lisker, 780 F.3d at 1242-43.  Therefore, Recksiek and Avila are absolutely immune from liability to the extent that this

14

claim concerns their testimony.  On the other hand, to the extent that it concerns the officers' alleged fabrications in the police report, the claim appears to be duplicative of Claim 4.  The claim is thus dismissed with leave to amend.

###    5.    Claim 6

Claim 6 alleges that CPS social workers Amaro and Polak violated Plaintiff's Fourteenth Amendment right to due process and his right "to be free from judicial deception" when they filed a juvenile dependency petition stating that Plaintiff was incarcerated and unable to provide care or support for his daughter.  (FAC at 13-14).  Plaintiff claims this statement was false because he had "arranged for the child to remain with the mother."  (Id. at 14).  However, social workers are absolutely immune from civil liability for claims concerning their "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." Beltran v. Santa Clara Cty., 514 F.3d 906, 908 (9th Cir. 2008) (quoting Miller v. Gammie, 335 F.3d 889, 898 (9th Cir. 2003)); see also Meyers v. Contra Costa Cty. Dep't of Soc. Serv., 812 F.2d 1154, 1157 (9th Cir. 1987).  This absolute immunity does not extend to claims related to "investigatory conduct" or the fabrication of evidence.  See Hardwick v. Cty. of Orange, 844 F.3d 1112, 1116 (9th Cir. 2017); Beltran, 514 F.3d at 908-09.  Claim 6 concerns only the filing of the dependency petition, a quasi-prosecutorial function, and it does not demonstrate that the social workers

deliberately fabricated any evidence. Accordingly, the claim is dismissed with leave to amend.

### 6. **Claims 7 and 8**

Plaintiff asserts that social workers Polak and Amaro, along with attorneys Georggin, Shipley, Devries, McCoy, and Chaitin, violated Plaintiff's Fourteenth Amendment right to procedural due process (Claim 7) and his right "to be free from loss of familial relationship" (Claim 8) during the juvenile dependency proceeding on May 6, 2016. (FAC at 14, 16). He vaguely alleges that Defendants violated these rights by conspiring "to allow the judicial deception and the proceeding to continue without Plaintiff being informed of his rights or the allegations." (Id. at 15). Otherwise, the basis for the claims remains unclear. For example, he does not describe the nature of the "judicial deception," nor does he explain in what way the lawyers and social workers deprived him of notice or an opportunity to be heard.

Furthermore, rather than allege any facts demonstrating a conspiracy, Plaintiff merely asserts that a conspiracy is "the only reasonable inference" because the lawyers would have known what due process requires. (Id.). To the contrary, Plaintiff's allegations do not support any reasonable inference that the lawyers – who were representing adverse parties in the dependency proceeding – conspired with state officials to deprive Plaintiff of due process or any other right. Absent sufficient allegations that the lawyers conspired with state officials to deprive

16

Plaintiff of his civil rights, Plaintiff cannot assert a § 1983 claim against the lawyers. See Tower v. Glover, 467 U.S. 914, 923 (1984); Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010); Kirtley v. Rainey, 326 F.3d 1088, 1092-94 (9th Cir. 2003). The claim is dismissed with leave to amend.

## C. Plaintiff Fails To State Claims Against RCSD, Sheriff Sniff, the County of Riverside and the City of Jurupa Valley

Aside from the individual Defendants, Plaintiff additionally alleges that the County of Riverside is liable in Claim 4, and he asserts Claim 9 against RCSD, Sheriff Sniff and the County of Riverside. He also names these Defendants, along with the City of Jurupa Valley, in his various non-federal claims. For the reasons discussed below, all claims against these Defendants are dismissed with leave to amend.

### 1. County of Riverside

A governmental entity may be liable under § 1983 where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978). To hold a governmental entity liable under Monell, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right;

17

and (4) that the policy is the moving force behind the constitutional violation." Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

The Ninth Circuit has noted that a plaintiff may state a cognizable Monell claim based on an entity's "failure to train" where "the need to train was obvious and the failure to do so made a violation of constitutional rights likely." See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). However, the Court also emphasized that pursuant to Twombly, "[t]he complaint must contain more than 'a formulaic recitation of the elements of a cause of action' . . . [and] must plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. at 897 (quoting Twombly, 550 U.S. at 555, 570). Applying that standard, the Court concluded that the plaintiff's Monell claim, which alleged only that the defendant's policies caused the constitutional violations and were the "moving force and/or affirmative link behind the violation of Plaintiff's constitutional rights," failed to state a claim. Id. at 900. The Court determined that such conclusory assertions "lacked any factual allegations regarding key elements of the Monell claims, or, more specifically, any facts demonstrating that [plaintiff's] constitutional deprivation was the result of a custom or practice of the City of Covina or that the custom or practice was the 'moving force behind his constitutional deprivation." Id. at 900-01.

Here, Plaintiff fails to provide sufficient allegations to state Monell claims against the County of Riverside. In Claim 4, for example, he alleges in a conclusory fashion that the County of Riverside is liable for violating his Fourth Amendment rights because the County "failed to train/supervise deputies by providing adequate programs addressing fabrication of evidence." (FAC at 12). He asserts that based on Deputies Recksiek and Avila's fabrications in the police report, on top of "a pattern of similar violations," "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the County can reasonably be said to have been deliberately indifferent to the need." (Id.). Contrary to these conclusory assertions, however, the alleged distortions in one police report do not raise a reasonable inference that the County was deliberately indifferent to such transgressions or the need to adequately train officers to avoid them.

The allegations in Claim 9 are similarly conclusory. There, Plaintiff claims that the County (along with RCSC and Sheriff Sniff) is liable for Fourth Amendment excessive force and deliberate indifference violations due to the sheriff's department's "policy of leaving pre-trial detainees cuffed and shackled in cells from 4:00 a.m. to 7:00 p.m. when going out to court from all jails." (Id. at 16). Plaintiff fails to allege any facts demonstrating the existence of any such policy or widespread practice. He simply bases the claim on the one alleged incident that happened to him. Because Plaintiff fails to provide

more than conclusory allegations to establish that a policy or practice caused any violation of his rights, his claims against the County of Riverside are dismissed with leave to amend.

    **2.    <u>Sheriff's Department and Sheriff Sniff</u>**

    Plaintiff's claims against the sheriff's department (RCSD) and Sheriff Sniff in his official capacity are subject to dismissal because, among other things, they are duplicative of the claims against Riverside County.  RCSD, for example, is a department of the County and is not a separate "person" under § 1983.  See <u>United States v. Kama</u>, 394 F.3d 1236, 1239-40 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."); <u>Vance v. County of Santa Clara</u>, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper defendant in a § 1983 claim, an agency of the County is not.").  As for the sheriff, an official-capacity suit against a government official is "treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985). As such, any claims against Sheriff Sniff in his official capacity are redundant and subject to dismissal.  See <u>Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff's Dep't</u>, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant.").

To the extent that Plaintiff asserts claims against Sheriff Sniff in his individual capacity, a supervisor is liable for subordinates' constitutional violations only "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Starr v. Baca, 652 F.3d 1202, 1221 (9th Cir. 2011) (citation omitted); see also Mackinney v. Nielson, 69 F.3d 1002, 1008 (9th Cir. 1995) (a supervisor may be liable § 1983 only if there exists either "(1) his or her personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation"). Here, Plaintiff fails to allege any facts showing that Sheriff Sniff acted personally, in any respect, to violate Plaintiff's rights. Plaintiff's claims against Sheriff Sniff are therefore dismissed with leave to amend.

### 3.   City of Jurupa Valley

Plaintiff's claims against the City of Jurupa Valley fail not only for the same reasons as the claims against the County, but also because none of the Defendants is alleged to be an employee of the City of Jurupa Valley. Plaintiff's only factual allegation related to Jurupa Valley is that Plaintiff was taken to the RCSD Jurupa Valley Station following his arrest. (See FAC at 9). That station, however, is operated by RCSD, and its employees work for the County of Riverside. Accordingly, the claims against the City of Jurupa are dismissed with leave to amend.

# V.

## CONCLUSION

For the reasons stated above, the First Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **It is not necessary for**

Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.

Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.</u>

DATED: June 15, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.