**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 17-1848 SVW (SS) | Date:  December 17, 2019 |
| | Page 1 of 4 |

Title:     James Plas Sams v. County of Riverside, et al.

---

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND OBEY COURT ORDERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b) DUE TO PLAINTIFF'S FAILURE TO FILE A NOTICE OF SUBMISSION (Dkt. No. 55)**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

     In this civil rights action, Plaintiff, a California state prisoner proceeding pro se, has alleged numerous federal and state law claims arising from his arrest on domestic violence charges and the juvenile dependency proceedings following his arrest that resulted in his daughter's temporary removal from her parents' care.  The Court issued Orders dismissing the original Complaint, the First Amended Complaint ("FAC"), and the Second Amended Complaint ("SAC") with leave to amend due to defects in pleading.  (See Dkt. Nos. 14 (ODLA original Complaint); 18 (ODLA FAC); 24 (ODLA SAC)). [1]

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) ("[T]he dismissal of a complaint with leave to amend is a non-dispositive matter.").  Consistent

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**<u>CIVIL MINUTES – GENERAL</u>**

Case No.     EDCV 17-1848 SVW (SS)                    Date: December 17, 2019
                                                      Page 2 of 4

Title:       <u>James Plas Sams v. County of Riverside, et al.</u>

On March 20, 2019, Plaintiff filed the operative Third Amended Complaint, which raised eight federal constitutional claims and ten state law claims against sixteen Defendants. ("TAC," Dkt. No. 39). On June 14, 2019, the Magistrate Judge issued a Report and Recommendation recommending that all of Plaintiff's claims be dismissed except for one federal and two state law claims based on the TAC's excessive force allegations, and that all of the Defendants named in the TAC be dismissed except for the four individual Defendants and three institutional Defendants against whom the excessive force claims were brought. ("R&R," Dkt. No. 42).

The District Judge accepted the R&R's recommendations and dismissed the above-referenced claims and Defendants on July 10, 2019. ("Dismissal Order," Dkt. No. 44). After the District Judge's Dismissal Order issued, Plaintiff filed Objections to the R&R, (Dkt. No. 43), which the District Judge denied in a separate Order. ("Objections Order," Dkt. No. 45). On August 5, 2019, Plaintiff appealed the adverse rulings in the Dismissal Order and the Objections Order to the Ninth Circuit. (Dkt. No. 46). The Ninth Circuit denied the appeal for lack of jurisdiction on September 17, 2019 on the ground that the

---

with <u>McKeever</u>, the Court concluded that its Orders dismissing Plaintiff's prior pleadings were non-dispositive. However, as the Court advised Plaintiff, pursuant to Federal Rule of Civil Procedure 72, a plaintiff who disagrees with even a non-dispositive ruling may file an objection with the District Judge. <u>See</u> <u>Bastidas v. Chappell</u>, 791 F.3d 1155, 1162 (9th Cir. 2015); <u>see also</u> <u>Hunt v. Pliler</u>, 384 F.3d 1118, 1124 (9th Cir. 2004) ("'District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.'") (quoting <u>McKeever</u>, 932 F.2d at 798).

Here, Plaintiff filed Objections to the District Judge following the dismissal of the FAC, (Dkt. No. 19), and the SAC, (Dkt. No. 25), both of which included a motion to disqualify the above-referenced Magistrate Judge. Plaintiff's Objections/disqualification motions were all denied. (<u>See</u> Dkt. Nos. 22, 27 & 32). Plaintiff appealed the denial of his second disqualification motion to the Ninth Circuit, (Dkt. No. 28), which denied the appeal for want of jurisdiction. (Dkt. Nos. 30, 33).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 17-1848 SVW (SS) | Date: December 17, 2019 |
| | Page 3 of 4 |

Title:   James Plas Sams v. County of Riverside, et al.

"orders challenged in the appeal are not final or appealable." (Dkt. No. 48) (citing, inter alia, Fed. R. Civ. P. 54(b)).

On September 20, 2019, the Magistrate Judge authorized service of the TAC, as modified by the District Judge's Dismissal Order, (Dkt. No. 49), and ordered the United States Marshals Service ("USMS") to serve the TAC on the surviving Defendants. (Dkt. No. 51). That same day, the Court issued an Order re Service of Process in which it ordered Plaintiff to complete a USM-285 form for each Defendant so that the USMS could effect service of process. ("Service Order," Dkt. No. 50, at 2). Plaintiff was further ordered to return the completed forms with a Notice of Submission "no later than November 4, 2019." (Id.) (emphasis omitted).

Instead of completing the USM-285 forms and filing a Notice of Submission, as required by the Court's Service Order, on October 21, 2019, Plaintiff filed a Notice of Election to Stand on the Third Amended Complaint. ("Notice of Election," Dkt. No. 55). In the Notice of Election, Plaintiff complained that the TAC, as amended by the District Judge's Dismissal Order, is "extremely weakened." (Id. at 1). Rather than pursue the three surviving claims against the seven surviving Defendants, Plaintiff states that he "elects to stand on the TAC [prior to the Dismissal Order] and take an appeal." (Id.). However, Plaintiff did not expressly seek dismissal of his surviving claims, and it is unclear if that was Plaintiff's intent.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within **fourteen (14) days** of the date of this Order, why the Magistrate Judge should not recommend that this action be dismissed with prejudice for failure to prosecute. Plaintiff may discharge this Order by filing either (1) completed USM-285 forms for each of the surviving Defendants, along with a Notice of Submission, so that the USMS may effect service of the TAC, as modified; or (2) a declaration explaining why Plaintiff is unable to do so. **Plaintiff is expressly warned that the failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   EDCV 17-1848 SVW (SS) | Date:  December 17, 2019 |
| | Page 4 of 4 |

Title:   James Plas Sams v. County of Riverside, et al.

**In the alternative, if Plaintiff no longer wishes to pursue his excessive force claims, he may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Plaintiff's convenience.**  However, Plaintiff is cautioned that any voluntarily dismissed claims may be subject to a statute of limitations defense if Plaintiff seeks to reassert them in a later action. See Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (prisoners' claims that were dismissed with prejudice and without leave to amend by district court under Rule 12(b)(6) were preserved for appeal, but "voluntarily dismissed claims . . . [are] waived if not repled); McCollum v. Cal. Dept. of Corr. and Rehabilitation, 647 F.3d 870, 876 & n.4 (9th Cir. 2011) (prisoner plaintiffs voluntarily dismissed claims that had survived a motion to dismiss in order to appeal other claims that had been dismissed by the district court as untimely or unexhausted); Schnauder v. Givens, 679 Fed. Appx. 8, *10 n.1 (2d Cir. 2017) (prisoner voluntarily dismissed civil rights claims against individual defendants "to pursue an immediate appeal of claims against the institutional defendants," which the district court had dismissed pursuant to Rule 12(b)(6)).

The Clerk of the Court is directed to **attach the requisite number of blank USM-285 forms** for Plaintiff's convenience should he elect to pursue his claims against the surviving Defendants, and to serve a copy of this Order, with the attachments noted above, upon Plaintiff at his address of record.

IT IS SO ORDERED.